Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| VALERIE WILMOTH PARSONS y otros<br><br>Peticionarios<br><br>v.<br><br>MARY ANNE LAWSON y otros<br><br>Recurridos | KLCE202301167 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso número: AU2021CV00117<br><br>Sobre: ACCIÓN DECLARATORIA DE DOMINIO |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera

Díaz Rivera, Jueza Ponente

**R E S O L U C I Ó N**

En San Juan, Puerto Rico, a 29 de enero de 2024.

Comparece ante *nos*, Valerie Wilmoth Parsons, Donald Stephen Parsons y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto, la parte peticionaria) y nos solicitan que revisemos la *Resolución* emitida el 19 de septiembre de 2023 y notificada el 21 de septiembre de 2023, por el Tribunal de Primera Instancia (TPI), Sala Superior de Aguada. Mediante dicho dictamen, el TPI declaró *No Ha Lugar* la *Moción de Sentencia Sumaria Parcial Enmendada* que presentó la parte peticionaria.

Por los fundamentos que se exponen a continuación, se *deniega* el auto de *certiorari*.

**I.**

El 9 de marzo de 2021, la parte peticionaria presentó una *Demanda* sobre acción declaratoria de dominio en contra de Michael Kelly Lawson, Mary Anne Lawson y Sociedad Legal de Gananciales compuesta por ambos (en conjunto, la parte recurrida).[1] El 12 de

---

[1] Anejo 1 del *Certiorari – Demanda,* pág. 1-4.

Número Identificador
RES2024 _____

marzo de 2022, la parte peticionaria presentó una *Cuarta Demanda Enmendada.*[2] En apretada síntesis, alegó que junto a la parte recurrida adquirieron un predio de terreno en común proindiviso localizado en el pueblo de Rincón. Esgrimió que el precio de compra fue $185,000.00 y se acordó que las partes tendrían una participación del 50% cada uno en dicha comunidad de bienes. Sostuvo que entre los años 2006 y 2007 se construyó en la propiedad una residencia con el conocimiento y autorización de las partes cuyo costo fue de $650,000.00. Añadió que previo a la construcción la parte recurrida había asegurado que tenían capacidad económica para pagar la mitad de la obra y bajo esa premisa de inició la construcción.

Asimismo, la parte peticionaria aseveró que para que la parte recurrida pudiera costear su participación en la obra, en el 2006 le otorgaron un préstamo de $350,000.00. Señaló que el préstamo fue mediante contrato verbal con un término de treinta (30) años, interés anual del 6% y un pago mensual de $2,098.43. Arguyó que la parte recurrida pagó ochenta y cuatro (84) plazos siendo el último pago en noviembre de 2014. Así pues, adujo que la parte recurrida le adeuda $470,941.00.

Acentuó que, una vez construida la residencia, las partes acordaron utilizarla ellos y también, utilizarla para un negocio de arrendamiento vacacional. Destacó, además, que el acuerdo en cuanto a la operación de la propiedad fue verbal y disponía que las ganancias se dividirían en partes iguales y que se utilizaría una cuenta bancaria común abierta a esos fines. Indicó que, según el acuerdo, la parte recurrida estaría encargada de la administración del alquiler vacacional de la propiedad. Enunció que la parte recurrida abuso de su buena fe, aprecio y confianza y por años

---

[2] Anejo 2 del *Certiorari – Cuarta Demanda Enmendada,* pág. 5-13.

depositaron el dinero producido por el arrendamiento en cuentas bancarias bajo su exclusivo control.

Así pues, la parte peticionaria afirmó que el 1 de febrero de 2021, recibió de la parte recurrida una carta en la cual informan su intención de vender su participación en la propiedad y que cuentan con una oferta de compra de un tercero no identificado. Consecuentemente, la parte peticionaria solicitó, entre otras cosas, que se declare que la residencia construida es exclusiva de su propiedad, que se ordene a la parte recurrida a venderle su participación por $60,000.00, que se condene a la parte recurrida a pagarle $470,941.00 por la deuda del préstamo y $100,000.00 por concepto de ingresos dejados de percibir por concepto del arrendamiento vacacional.

El 4 de abril de 2022, la parte recurrida presentó una *Contestación a la Cuarta Demanda Enmendada y Reconvención.*[3] A grandes rasgos, negó las alegaciones de la demanda. Expresó que la causa de acción de la parte peticionaria es inexistente. Adujo que las partes decidieron arrendar a corto plazo la propiedad en diferentes plataformas y la propiedad comenzó a producir ingresos, por lo cual, las partes se dividieron sus ganancias equitativamente. Sostuvo que la división de las ganancias cesó cuando la parte peticionaria tomó control de la operación de arrendamiento y de la casa de manera exclusiva. Agregó que la conducta dolosa y antijurídica de la parte peticionaria hace imposible la continuidad de la comunidad de bienes.

Luego de varios incidentes procesales, el 21 de octubre de 2022, la parte peticionaria presentó una *Moción de Sentencia Sumaria Parcial.*[4] En síntesis, solicitó que se dictara sentencia

---

[3] Anejo 4 del *Certiorari – Contestación a la Cuarta Demanda Enmendada y Reconvención,* pág. 15-30.
[4] Anejo 8 del *Certiorari – Moción de Sentencia Sumaria Parcial,* pág. 38-54.

sumaria a su favor por no existir hechos materiales en controversia. Manifestó que la parte recurrida le tomó dinero prestado e incumplieron con los pagos acordados. Además, sostuvo que las partes se comprometieron a compartir las ganancias del negocio de alquiler y que no lo hicieron. Señaló que ambas acciones constituyen incumplimiento contractual.

El 25 de enero de 2023, la parte recurrida presentó una *Moción Sometiendo Posición Sobre Solicitud de Sentencia Sumaria Parcial.*[5] En la misma, se opuso a la solicitud de sentencia sumaria que presentó la parte peticionaria. Aseveró que en el caso de epígrafe existen hechos materiales en controversia. Sostuvo que la solicitud que presentó la parte peticionaria no cumple con los requisitos de forma establecidos en la Regla 36 de Procedimiento Civil (32 LPRA Ap. V), ni en la jurisprudencia interpretativa.

El 30 de enero de 2023, la parte demandante presentó una *Moción Solicitando Autorización para Sustituir Afidávit y Término para Replicar.*[6] El 31 de enero de 2023, el TPI emitió una *Orden* mediante la cual permitió la sustitución del afidávit.[7] Así las cosas, el 16 de febrero de 2023, la parte peticionaria presentó una *Moción de Sentencia Sumaria Parcial Enmendada.[8]* Ese mismo día, la parte peticionaria presentó una *Réplica a Moción Sometiendo Posición Sobre Solicitud de Sentencia Sumaria Parcial.*[9] Posteriormente, el 31 de marzo de 2023, la parte recurrida presentó una *Dúplica a Réplica a Moción Sometiendo Posición Sobre Solicitud de Sentencia Sumaria Parcial.*[10]

---

[5] Anejo 9 del *Certiorari – Moción Sometiendo Posición Sobre Solicitud de Sentencia Sumaria Parcial*, pág. 55-78.
[6] Anejo 10 del *Certiorari – Moción Solicitando Autorización para Sustituir Afidávit y Término para Replicar*, pág. 79-80.
[7] Anejo 11 del *Certiorari – Orden*, pág. 81.
[8] Anejo 12 del *Certiorari – Moción de Sentencia Sumaria Parcial Enmendada*, pág. 82-97.
[9] Anejo 13 del *Certiorari - Réplica a Moción Sometiendo Posición Sobre Solicitud de Sentencia Sumaria Parcial,* pág. 98-106.
[10] Anejo 14 del *Certiorari – Dúplica a Réplica a Moción Sometiendo Posición Sobre Solicitud de Sentencia Sumaria Parcial,* pág. 107-119.

Oportunamente, el 19 de septiembre de 2023, el TPI emitió una *Resolución* mediante la cual declaró *No Ha Lugar* la *Moción de Sentencia Sumaria Parcial Enmendada* que presentó la parte peticionaria.[11] En su determinación, el TPI razonó que existen controversias genuinas de hechos materiales y esenciales que impiden la resolución sumaria del pleito. Dicha *Resolución* fue notificada a las partes el 21 de septiembre de 2023.

Insatisfecho con esa determinación, el 23 de octubre de 2023, la parte peticionaria acudió ante *nos* mediante un recurso de *certiorari* y señaló la comisión de los siguientes errores:

> **Erró el TPI al determinar que existe una controversia respecto a los hechos 10, 11, 12, 13, 14 y 15 alegados por los peticionarios en su Moción de Sentencia Sumaria Parcial Enmendada.**
>
> **Erró el TPI al declarar no ha lugar la petición de los peticionarios en su Moción de Sentencia Sumaria Parcial Enmendada respecto a la parte reclamada de la deuda por ganancias del arrendamiento vacacional acorado [sic] entre las partes.**

Examinado el recurso de *certiorari*, el 6 de noviembre de 2023, este Tribunal emitió una *Resolución* concediéndole un término de veinte (20) días a la parte recurrida para que presentara su posición al recurso. El 27 de noviembre de 2023, la parte recurrida presentó una *Solicitud de Desestimación de Certiorari*. Consecuentemente, el 4 de diciembre de 2023, la parte peticionaria presentó una *Oposición a Solicitud de Desestimación y Moción Informativa*. El 18 de diciembre de 2023, este Tribunal emitió una *Resolución* mediante la cual se denegó la solicitud de desestimación y se le concedió un nuevo término de veinte (20) días a la parte recurrida para presentar su alegato.

Transcurrido el término, el recurso se entendió perfeccionado sin el beneficio de la comparecencia de la parte recurrida.

---

[11] Anejo 16 del *Certiorari - Resolución,* pág. 121-128.

**II.**

**A. Certiorari**

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, 212 DPR ___ (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León Corp. v. AIG*, 205 DPR 163, 174 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León Corp. v. AIG, supra.* No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. Véase, *Scotiabank of PR v. ZAF Corp.,* 202 DPR 478, 486-487 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o

en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311, 322 (2005); *Meléndez Vega v. Caribbean Intl. News*, 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari. Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari,* o de una orden de mostrar causa:
>
> A.  Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra*, pág. 918.

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *Pueblo v. Rivera Santiago, supra*, pág. 581; *S.L.G. Flores, Jiménez v. Colberg*, 173 DPR 843 (2008).

## B. Sentencia Sumaria

Como es sabido, la Regla 36 de Procedimiento Civil (32 LPRA Ap. V) regula todo lo relacionado a la moción de sentencia sumaria. *Acevedo Arocho y otros v. Departamento de Hacienda y otros*, 2023 TSPR 80, 212 DPR __ (2023). Dicho mecanismo procesal es utilizado en aquellos litigios que no presentan controversias genuinas de hechos materiales y que, por consiguiente, la celebración de un juicio en su fondo no es necesaria en la medida que solo resta por dirimir determinadas controversias de derecho. *Birriel Colón v. Supermercado Los Colobos et al.*, 2023 TSPR 120, 212 DPR ___ (2023). Véase, además, *Segarra Rivera v. Int'l Shipping et al.*, 208 DPR 964 (2022); *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310, 334 (2021).

El propósito que persigue el mecanismo de la sentencia sumaria es que los pleitos civiles sean solucionados de forma justa, rápida y económica. *Acevedo Arocho y otros v. Departamento de Hacienda y otros, supra.* Véase, además, *SLG Fernández-Bernal v. RAD-MAN et al., supra*; *Rodríguez Méndez et al. v. Laser Eye Surgery*, 195 DPR 769, 785 (2016). Por tanto, quien promueva la sentencia sumaria deberá establecer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material. *Birriel Colón v. Supermercado Los Colobos et al., supra.* Así, la Regla 36.3 de Procedimiento Civil (32 LPRA Ap. V), establece cual será el contenido y los requisitos de forma que deberán observarse tanto en la solicitud de sentencia sumaria que inste la parte promovente, como en la oposición que pueda presentar la parte promovida. *Acevedo Arocho y otros v. Departamento de Hacienda y otros, supra*; *León Torres v. Rivera Lebrón*, 204 DPR 20, 43 (2020).

**Por ser la sentencia sumaria un remedio discrecional, el principio rector para el uso de este mecanismo es el sabio discernimiento del juzgador, ya que mal utilizada puede privar a una parte de su día en corte, principio elemental del debido proceso de ley**. (Énfasis nuestro). *Jusino et als. v. Walgreens*, 155 DPR 560 (2001). Así pues, un tribunal podrá emitir una sentencia sumaria si de las alegaciones, deposiciones, contestaciones, interrogatorios y admisiones ofrecidas, junto a las declaraciones juradas – según fueran ofrecidas – surge que no existe una controversia real sustancial en cuanto a ningún hecho material, restando entonces resolver la controversia en estricto derecho. *Acevedo Arocho y otros v. Departamento de Hacienda y otros, supra*; Regla 36.3 de Procedimiento Civil, *supra*.

Nuestro máximo Foro ha sido enfático en que, el hecho de que la parte promovida no presente prueba que controvierta la evidencia presentada por la parte promovente de la moción de sentencia

sumaria, no implica que dicha moción procederá automáticamente si efectivamente existe una controversia sustancial sobre hechos materiales. *Acevedo Arocho y otros v. Departamento de Hacienda y otros, supra*; *SLG Fernández-Bernal v. RAD-MAN et al., supra*. Ahora bien, el Tribunal Supremo de Puerto Rico ha reiterado que una moción de sentencia sumaria no procederá cuando: (1) existen hechos materiales controvertidos (2) hay alegaciones afirmativas en la demanda que no han sido refutadas (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material o (4) como cuestión de derecho no procede. *Acevedo Arocho y otros v. Departamento de Hacienda y otros, supra*. Véase, además, *SLG Fernández-Bernal v. RAD-MAN et al., supra*; *Vera Morales v. Bravo*, 161 DPR 308, 333-334 (2004).

De igual forma, el mecanismo de sentencia sumaria no es utilizable cuando existen controversias de hechos materiales sobre elementos subjetivos de intención, propósitos mentales o negligencia. *Acevedo Arocho y otros v. Departamento de Hacienda y otros, supra*. Véase, además, *Velázquez Ortiz v. Mun. de Humacao*, 197 DPR 656 (2017); *Ramos Pérez v. Univisión*, 178 DPR 200, 219 (2010); *Soto v. Hotel Caribe Hilton*, 137 DPR 294 (1994).

**III.**

Examinado el recurso de marras, a la luz de la *Resolución* que emitió el TPI el 19 de septiembre de 2023 y notificada el 21 de septiembre de 2023, declinamos ejercer nuestra discreción para expedir el auto discrecional solicitado. *Veamos*.

Al examinar meticulosamente el trámite procesal del caso, específicamente, la *Resolución* emitida el 19 de septiembre de 2023, junto a la solicitud de sentencia sumaria y las correspondientes réplicas y dúplicas, no encontramos indicio de que el TPI haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su

discreción, o cometido algún error de derecho. *Pueblo v. Rivera Santiago, supra; S.L.G. Flores, Jiménez v. Colberg, supra.* Véase, además, *Trans-Oceanic Life Ins. V. Oracle Corp,* 184 DPR 689, 709 (2012).

En el caso de autos, el TPI tuvo la oportunidad de evaluar la *Moción de Sentencia Sumaria Parcial Enmendada* que presentó la parte peticionaria y declaró *No Ha Lugar* la misma. Así, el TPI entendió que existen controversias genuinas de hechos materiales y esenciales, que impiden la resolución sumaria del pleito. Por lo tanto, con tal proceder el TPI actuó dentro de su discreción y conforme a derecho. No debemos pasar desapercibido que, por ser la sentencia sumaria un remedio discrecional, el principio rector para el uso de este mecanismo es el sabio discernimiento del juzgador, ya que mal utilizada puede privar a una parte de su día en corte, principio elemental del debido proceso de ley. *Jusino et als. v. Walgreens, supra.*

En conclusión, evaluados los criterios establecidos en la Regla 52.1 de Procedimiento Civil, *supra,* y los de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* resolvemos denegar el *certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motive a expedir el mismo en esta etapa de los procedimientos.

**IV.**

Por los fundamentos que anteceden, se *deniega* el auto de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones